**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BORGWARNER TURBO SYSTEMS
INC., a Delaware corporation,

    Plaintiff

    -vs-

FUNDIÇÃO ANTONIO PRATS MASÓ
LTDA, a foreign corporation,

    Defendant.

Case No. 08-15148

Hon. Marianne O. Battani
Mag. Mona K. Majzoub

---

CLARK HILL PLC
By:   Brian M. Ziff (P58124)
       Matthew W. Heron (P61501)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300

---

## DEFAULT DECLARATORY JUDGMENT

At a session of said Court held in the
City of Detroit, County of Wayne
October 28, 2010

PRESENT: **MARIANNE O. BATTANI**
District Court Judge

On December 22, 2008, Plaintiff BorgWarner Turbo Systems Inc., ("BorgWarner") commenced the instant action against Defendant Fundição Antonio Prats Masó Ltda ("Prats") for declaratory relief as to the legal rights of the parties pursuant 28 U.S.C. § 2201. A first amended complaint was filed on April 21, 2009. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as BorgWarner has a principal place of business in Michigan, Prats

has a principal place of business in Brazil, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Prats was served on March 11, 2010, through letters rogatory issued and served pursuant to the Inter-American Convention on Letters Rogatory (14 I.L.M. 339) and the Additional Protocol to the I.A. Convention (18 I.L.M. 1238). On July 22, 2010, default was entered against Prats for a failure to defend the action, or to otherwise respond to the Complaint or First Amended Complaint.

NOW, THEREFORE, and the Court being fully advised in the Premises, the Court **FINDS THAT** Prats is a supplier of component truck parts to BorgWarner, which parts are then sold in the United States. Prats manufactures and delivers parts to BorgWarner pursuant to purchase orders issued by BorgWarner to Prats. These purchase orders govern the relationship between BorgWarner and Prats as to the parts identified in the purchase orders. Consistent timely delivery by Prats of parts requested by BorgWarner is critical to BorgWarner's manufacturing process and time is of the essence. A failure by Prats to meet delivery requirements to a BorgWarner manufacturing plant jeopardizes the ability of that plant to remain operational on a continuous basis and could result in a line shutdown.

The Court **FURTHER FINDS** that this case involves products manufactured by Prats and delivered to BorgWarner under Purchase Order Numbers: 5500010109; 5500010116; 550010120; 5500010140; 5500013133; 5500017521; 5500017630; 5500017631; 5500018245; 5500018246; 5500018247; 5500018450; 5500018451; 5500018452; 5500018453; and 5500018504 (collectively the "Purchase Orders").

The Court **FURTHER FINDS** that this case involves costs incurred by BorgWarner as a result of Prats' failure to meet agreed upon delivery requirements under the Purchase Orders. These costs include: (1) air freight charges for specific deliveries from Prats' manufacturing

6779691.1 25693/125810

facilities in Brazil to one of BorgWarner's facilities in North Carolina ($162,101.87) and to a BorgWarner affiliate in the United Kingdom ($9,878.52); (2) costs incurred by BorgWarner representatives to travel to Prats' facility in Brazil in order to assist Prats in meeting its delivery obligations ($40,000); (3) third party containment costs ($19,313.32); and (4) costs incurred by a BorgWarner affiliate in maintaining a representative at Prats' Brazilian facility in an effort to assist Prats in meeting its delivery obligations ($38,366.43). These amounts total $269,660.14.

The Court **FURTHER FINDS** that this case also involves BorgWarner's efforts to set off against certain Prats' invoices amounts due to BorgWarner as a result of Prats' decision to discontinue producing part numbers 176,386 and 176,898 as part of its decision to phase out its V8 Program (the "V8 Program"). By phasing out the V8 Program and discontinuing production of part numbers 176,386 and 176,898, Prats simultaneously ceased repayment of a $350,000 loan extended by BorgWarner to Prats in 2006. Out of the original $350,000 loaned to Prats, Prats has yet to repay $51,799.14, which is still owed to BorgWarner.

The Court **FURTHER FINDS** that BorgWarner is entitled to set off against any outstanding Prats' invoices the amount of $321,439.28, which is comprised of the $269,660.14 resulting from delayed shipments and the $51,799.14 outstanding V8 Program loan amount.

Accordingly, and for the reasons set forth above and in Plaintiff's First Amended Complaint, it is **DECLARED, ORDERED and ADJUDGED** that:

    a.    BorgWarner is entitled to set off against any outstanding Prats invoices air freight charges in the amount of $171,980.39 in accordance with ¶ 4 of the BorgWarner Purchase Orders;

    b.    BorgWarner is entitled to set off against any outstanding Prats invoices travel costs, third party containment costs, and third party representative costs in the

3

amount of $97,679.75 in accordance with ¶¶ 9.8.2, et al., and 12.1.3 of the BorgWarner Supplier Manual and ¶ 5 of the BorgWarner Purchase Orders;

      c.      BorgWarner is entitled to set off against any outstanding Prats invoices the amount still due under the International V8 Program Agreement in the amount of $51,799.14 in accordance with ¶ 5 of the BorgWarner Purchase Orders; and

This judgment resolves the last pending claim between the parties and closes this case.

           s/Marianne O. Battani
           DISTRICT COURT JUDGE